1  Elizabeth Graham, Esq. (Cal. Bar No. 143085)
   **GRANT & EISENHOFER P.A.**
2  One Market Street, 36th Floor
3  San Francisco, CA 94105
   Telephone: (415) 293-8210
4  Facsimile: (415) 789-4367
   Email: egraham@gelaw.com
5

6  *[Proposed] Lead Counsel for Lead Plaintiff and the Class*

7  [Additional Counsel on signature page]
8
9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                          SAN FRANCISCO DIVISION

12

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN and JOHN F. MORICI,<br><br>Defendants. | Case No. 3:20-CV-2897-MMC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Judge: Hon. Maxine M. Chesney<br>Hearing Date: June 5, 2020<br>Time: 9:00 a.m.<br>Courtroom 7, Phillip Burton Federal Building |

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

PLEASE TAKE NOTICE that at 9:00 a.m. on June 5, 2020, or on a date and at a time set by the Court, at the United States District Court of the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Maxine M. Chesney, North Collier Fire Control and Rescue District Firefighters' Pension Trust Fund ("Movant") will respectfully move this Court for entry of an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Align Technology, Inc. ("Align" or the "Company") between April 24, 2019 and July 24, 2019, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); (2) approving Movant's selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Movant believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of its significant losses caused by Defendants. Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class. This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Elizabeth Graham filed herewith and all exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

1  WHEREFORE, Movant respectfully requests that the Court: (1) appoint it as Lead Plaintiff in the above-captioned action pursuant to the PSLRA; (2) approve its selection of Grant & Eisenhofer to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1. Whether Movant North Collier Fire Control and Rescue District Firefighters' Pension Trust Fund is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Movant North Collier Fire Control and Rescue District Firefighters' Pension Trust Fund's selection of counsel, Grant & Eisenhofer, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

On March 2, 2020, a complaint was filed in this action asserting securities fraud claims against Align, its President and Chief Executive Officer, and its Chief Financial Officer. That same day, a PSLRA early notice was issued, advising potential Class members of the claims alleged in this case, the Class Period, and the 60-day deadline for Class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Elizabeth Graham filed herewith ("Graham Decl." or " Graham Declaration").

Align, which is headquartered in San Jose, California, is a medical device company that primarily designs, manufactures, and markets "Invisalign" clear aligners for treating malocclusion. The Company also manufactures and markets "iTero" intraoral scanners, which are used to map patients' teeth and plan Invisalign treatments. The Company markets its products worldwide, and a key facet of its growth strategy is increasing sales abroad.

During the Class Period, Defendants repeatedly touted the growth and performance of the Company's operations in China, the Company's most valuable market after the United States. These representations were materially false and misleading because they misrepresented the Company's growth trend in China and misrepresented that the demand for Invisalign products in the Chinese market remained steady and was not affected any downturn in

consumer sentiment. In truth, demand for Invisalign products was declining significantly in China.

On July 24, 2019, after the market closed, Align issued a press release announcing disappointing financial results for the second quarter of 2019, "primarily due to a softness in China related to a tougher consumer environment." During an earnings call that same day, one analyst observed that "you guys were at a lot of conferences in mid-June with the message that everything seemed okay" in China, in response to which Defendant Joseph Hogan, Align's President and Chief Executive Officer, admitted that "when you got into June and all, it was more difficult than what we had anticipated." Thus, Defendants knew that Chinese demand was significantly declining during the Class Period, yet they misrepresented the Company's business and growth in China.

Following these disclosures, Align's stock price declined more than 26%, from a close of $275.16 per share on July 24, 2019, to a close of $200.90 per share on July 25, 2019, damaging investors.

## **ARGUMENT**

### II.   **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Graham Decl., Ex. 1. Additionally, as set forth in its PSLRA certification, Movant attests it has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Graham Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant purchased 842 shares of Align common stock during the Class Period, retained them all through the end of the Class Period, and incurred losses of around $114,857. *See* Graham Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Align securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of

Case No. 3:20-cv-2897-MMC
NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

4

Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

  (1) the class is so numerous that joinder of all members is impracticable;

  (2) there are questions of law or fact common to the class;

  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

  (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required to rule on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the claims of members of the Class, and its claims are typical of members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Align and its business. Movant, like all members of the Class, purchased Align securities at prices artificially inflated by Defendants' false and misleading statements and omissions, and was damaged when those statements and omissions were corrected. Movants' claims are thus typical of the claims of the Class.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant will "fairly and adequately" represent the Class because its claims are typical of the Class, *see* § II.C, *supra*, and it has retained experienced counsel to prosecute the claims of the Class, see § III, *infra*.  Moreover, Movant is not vulnerable to any unique defenses that would undermine its ability to adequately represent the Class.

Furthermore, by enacting the PSLRA, Congress "intend[ed] to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'"  S. Rep. 104-98 at *11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (1995); *see also Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) (appointing an institutional investor "comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiff."); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999) ("By emphasizing financial stake, the Reform Act establishes a preference that sophisticated institutional investors direct the course of securities cases.").  Movant is precisely the type of Lead Plaintiff that Congress sought to encourage to come forward and lead securities litigation.

### III. MOVANT'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected counsel experienced in litigating securities fraud class actions with the resources necessary to prosecute this action and to obtain the best recovery possible for the

class. Movant's selected counsel, Grant & Eisenhofer, is among the preeminent securities class action law firms in the country and has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Sec. Litig.*, M.D.L. No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, M.D.L. No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See* Graham Decl., Ex. 4 (firm résumé of Grant & Eisenhofer). Movant's selection of Lead Counsel should be approved.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Grant & Eisenhofer as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 1, 2020                            Respectfully submitted,

                                        **GRANT & EISENHOFER P.A.**

                                        */s/ Elizabeth Graham*
                                        Elizabeth Graham (Cal. Bar No. 143085)
                                        One Market Street, 36th Floor
                                        San Francisco, CA 94105
                                        Telephone: (415) 293-8210
                                        Facsimile: (415) 789-4367
                                        Email: egraham@gelaw.com

                                        -and-

                                        Daniel L. Berger

Case No. 3:20-cv-2897-MMC
NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

7

(*pro hac vice* application to be filed)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
Email: dberger@gelaw.com

*[Proposed] Lead Counsel for Lead Plaintiff North Collier Fire Control and Rescue District Firefighters' Pension Trust Fund and the Class*

Case No. 3:20-cv-2897-MMC
NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

8

## CERTIFICATE OF SERVICE

I, Elizabeth Graham, hereby declare under penalty of perjury as follows:

I am a director of Grant & Eisenhofer P.A., with offices at One Market Street, 36th Fl., San Francisco, CA 94105. I am over the age of eighteen.

On May 1, 2020, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 1, 2020

*/s/ Elizabeth Graham*
_____
Elizabeth Graham

Case No. 3:20-cv-2897-MMC
NOTICE OF MOTION AND MOTION OF NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

9