**KAHN SWICK & FOTI, LLC**
Kim E. Miller (SBN 178370)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com

**KAHN SWICK & FOTI, LLP**
Ramzi Abadou (SBN 222567)
912 Cole Street, Suite 251
San Francisco, CA 94117
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Raj Grandhi*
*and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN and JOHN F. MORICI,<br><br>Defendants. | Case No. 20-cv-02897-MMC<br><br>**NOTICE OF MOTION AND MOTION OF RAJ GRANDHI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7 – 19th Floor<br><br>TO BE DETERMINED ON THE PAPERS UNLESS OTHERWISE ORDERED PURSUANT TO GENERAL ORDERS 72-2 & 73 |

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Raj Grandhi ("Grandhi" or "Movant"), by and through his undersigned counsel, hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (1) appointing Mr. Grandhi as Lead Plaintiff in this Action; (2) approving Mr. Grandhi's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel; and (3) granting other such relief as the Court may deem just and proper.

This Motion is made on the grounds that Mr. Grandhi believes he is the most "adequate plaintiff" as defined in the PSLRA because he: (1) possesses the largest financial interest in the relief sought by the class; (2) satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 ("Rule 23"), and (3) will fairly and adequately represent the Class.

Mr. Grandhi further requests that the Court approve his selection of KSF as Lead Counsel for the Class. KSF is a nationally-recognized law firm with significant securities and class action litigation experience and has the resources to effectively prosecute this action.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Kim E. Miller filed herewith, the pleadings and other filings on file in this Action, and such other written or oral argument as may be permitted by the Court.

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should appoint Raj Grandhi as Lead Plaintiff in this Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2. Whether the Court should approve Mr. Grandhi's selection of Kahn Swick & Foti, LLC as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v).

## II. PRELIMINARY STATEMENT

Raj Grandhi ("Grandhi" or "Movant") respectfully submits this Memorandum of Points and Authorities in support of his motion to: (1) appoint Movant as Lead Plaintiff in this securities class action filed against Align Technology, Inc. ("Align" or the "Company"), Joseph M. Hogan ("Hogan"), and John F. Morici ("Morici") (Morici and Hogan are collectively referred to herein as the "Individual Defendants"), pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approve Movant's selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

Movant fully understands his duties and responsibilities to the Class. He is willing and able to oversee the vigorous prosecution of this Action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of Grandhi's Motion to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel ("Miller Decl."), Movant has suffered substantial losses totaling $74,010.00 as a result of his purchases of Align securities between April 24, 2019 and July 24, 2019, inclusive (the "Class Period"). *See* Miller Decl. at Exhibit A (Grandhi Certification) and Exhibit B (Grandhi Loss Chart). To the best of his knowledge, Movant has sustained the largest losses of any investor(s) seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

cognizance of the duties of serving in that role. *See* Miller Decl. at Ex. A. Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure.

Mr. Grandhi has also demonstrated his adequacy through his selection of KSF to serve as Lead Counsel on behalf of the Class. KSF is one of the nation's premier boutique securities litigation law firms and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Movant respectfully submits this memorandum of law in support of his motion for an Order: (1) appointing Movant as Lead Plaintiff in this action; and (2) approving his selection of the law firm of KSF as Lead Counsel for the Class.

### III. PROCEDURAL BACKGROUND

The first lawsuit against Defendants was filed in the Southern District of New York on March 2, 2020. *See* C*ity of Roseville Emps.' Ret. Sys., et al, v. Align Technologies, Inc., et al*, No. 20-cv-01822 (Mar. 2, 2020 S.D.N.Y.) (the "*Roseville* Complaint"). Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on March 2, 2020, the first notice that a class action had been initiated against Defendants was published on *BusinessWire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than May 1, 2020. *See* Miller Decl. at Exhibit C (Statutory Notice). Mr. Grandhi is a Class member who has timely filed this motion within the 60-day period following publication of the March 2, 2020 notice. *See* Miller Decl. at Ex. A.

On April 16, 2020, following a joint stipulation of the parties, the case was transferred from the Southern District of New York to the Northern District of California, San Francisco Division.

### IV. FACTUAL BACKGROUND[1]

Defendant Align, a medical device company headquartered in San Jose, California and incorporated under the laws of Delaware, designs, manufactures, and markets devices to treat misaligned teeth. The Company's principal products are the Invisalign clear dental aligners

---

[1] These facts were derived from the *Roseville* Complaint, and all "¶__" references herein are to the *Roseville* Complaint.

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

3

1    ("Invisalign aligners") and the iTero® ("iTero") intraoral scanners, which are used to create digital
2    imagery of patients' teeth for the purposes of diagnosing misalignment and fitting Invisalign aligners.
3    ¶20. At all relevant times, Defendant Hogan served as Align's President and Chief Executive Officer
4    ("CEO"), as well as a member of the Company's Board of Directors. ¶11. At all relevant times,
5    Defendant Morici served as Align's Chief Financial Officer ("CFO") and Vice President of Global
6    Finance. ¶12.

7        During the Class Period, Defendants made numerous false and misleading statements about
8    the Company's growth and future prospects in the Asia Pacific ("APAC") market, especially in China,
9    which was purported to be "the #2 largest market in [the] Align world." ¶¶22, 27. For example, the
10   Company's quarterly report on Form 10-Q for the first quarter of 2019 ("Q119 10-Q") states "on a
11   year-over-year basis, our International Invisalign volume increased 38.5% driven primarily by
12   increased adoption as well as expansion of our customer base in both the EMEA and APAC regions."
13   ¶33. Additionally, during a conference call with investors and analysts on April 24, 2019, Defendant
14   Hogan touted the Company's "strong growth from nearly all country markets [in the APAC region]
15   led by China" and spoke in detail about the Company's various marketing and educational campaigns
16   that were purportedly increasing the market for Invisalign aligners in China. ¶¶29, 30. During this
17   same call, Defendant Morici told investors that Align expected the next quarter's revenues to be up
18   "approximately 20% - 22% year-over-year," partially due to stronger demand in the APAC region.
19   ¶31. Beginning in mid-May 2019, Defendants Hogan and Morici attended a series of conferences
20   hosted by securities research divisions of various financial institutions, and at each of these
21   conferences, the Individual Defendants made materially false and misleading statements about the
22   strength of the Company's business in China. ¶¶35-46.

23       Defendants' statements about Align's success in the APAC region were materially false and
24   misleading because Defendants failed to disclose that the Company was experiencing a significant
25   downturn in sales of and demand for Invisalign aligners in China. The truth began to be revealed on
26   July 24, 2019 when Defendants issued a press release announcing Align's financial results for the
27
28   NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF       CASE NO. 20-CV-02897-MMC
     LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
     IN SUPPORT THEREOF
                                                      4

second quarter of 2019, including that "total Invisalign case shipments were lower than expected, primarily due to a softness in China related to a tougher consumer environment." ¶48. During a conference call on the same day, an incredulous analyst asked why these results were so starkly contrasted with what Hogan and Morici had been telling the market: "you guys were at a lot of conferences through mid-June with the message that everything seemed okay." ¶49. Defendant Hogan admitted to knowing about the declining sales, but he continued to make the representations because he was hoping sales would increase by the end of the quarter. ¶49. Align's stock price plunged as a result of this news. From a market closing price of $275.16 per share on July 24, 2019, the Company's revelations concerning its deteriorating business in China caused the stock to drop $74.26 per share to a closing price of $200.90 per share on July 25, 2019. As a result of Defendants' wrongful acts and omissions, the Class Members in this case have suffered significant losses and damages. ¶¶52-53

## V.   ARGUMENT

### 1.   Movant is the Presumptive "Most Adequate Plaintiff" and the Court Should Appoint Him Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). It provides that, within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business- oriented publication or wire service, informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); s*ee generally In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *8 (N.D. Cal. Jan. 25, 2017).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court must then consider any motion made by class members and appoint as lead plaintiff that movant the Court determines to be most capable of adequately representing the interests of class members. *See generally SolarCity*, 2017 U.S. Dist. LEXIS 11553 at *8-9. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(II).

Two leading Circuit Courts have directly addressed the procedural standards applicable to the PSLRA lead plaintiff process – the Ninth Circuit, in *Herrgott v. U.S. Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-31 (9th Cir. 2002), and the Third Circuit, in *In re Cendant Corp. Litig.*, 264 F.3d 201, 262-68 (3d Cir. 2001).[2] After extensive analyses, both courts concluded the PSLRA's statutory framework sets out a mandatory, strict, and sequential three-step process:

<u>First</u>, the court must confirm that proper notice has been disseminated pursuant to the PSLRA. *See Cavanaugh*, 306 F.3d 726, 729-31; *accord* 15 U.S.C. §§ 78u-4(a)(3)(A)(i).

<u>Second</u>, to identify the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class…and otherwise satisfies the requirements of

---

[2] Courts within this Circuit have routinely cited *Cendant*. *See, e.g., In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Markette v. Xoma Corp.*, No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701, at *8 (N.D. Cal. May 13, 2016); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, No. 15-cv-02938-HSG, 2015 U.S. Dist. LEXIS 138654, at *5-6 (N.D. Cal. Oct. 8, 2015); *In re Taleo Corp. Sec. Litig.*, No. C 09-00151 JSW, 2009 U.S. Dist. LEXIS 14372, at *5-6 (N.D. Cal. Feb. 9, 2009).

Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During this step, the court must "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 729-30. The court "must then focus its attention on *that* plaintiff and determine, *based on the information he has provided in his pleadings and declarations*, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730.[3]

Third, the court may then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730; *accord Cendant*, 264 F.3d at 262 ("[T]he court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption."). Importantly, the PSLRA's presumption may be rebutted "only upon *proof*" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or…is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Only if, as a result of this three-step process, the presumptive lead plaintiff does not meet the typicality or adequacy requirements of Rule 23, can the court then proceed to analyze the plaintiff with the next lower stake. *See Cavanaugh*, 306 F.3d at 729-30. Importantly, though, in coming to this conclusion, the *Cavanaugh* and *Cendant* courts outlined three critical guidelines:

First, to be afforded the presumption in step two, a movant need only make a *prima facie* showing that it is otherwise typical and adequate – a lower showing than the *proof* required of competing movants in the adversarial step three. *See Cavanaugh*, 306 F.3d at 731; *Pivotal Software*, 2019 U.S. Dist. LEXIS 195360 at *18 ("The presumptive lead plaintiff need only make a *prima facie*

---

[3] In connection with lead plaintiff appointments, courts have consistently held that the Rule 23 considerations are limited to an evaluation of typicality and adequacy. *See Cavanaugh*, 306 F.3d at 729 n.2; *SolarCity*, 2017 U.S. Dist. LEXIS 11553 at *13 ("This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."); *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at *18 (N.D. Cal. Nov. 8, 2019)("The typicality and adequacy requirements of Rule 23 are the Court's main focus in this context.").

showing of its typicality and adequacy.") (internal quotation marks omitted); *Cendant*, 264 F.3d at 264 ("the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive," rather, "the court's initial inquiry should be confined to determining whether such movants have stated a *prima facie case* of typicality and adequacy").

Second, the court's *prima facie* determinations of typicality and adequacy must be "based on the information [the movant] has provided *in his pleadings and declarations*," and rebuttal evidence introduced by competing movants should specifically not be considered during this second step presumption analysis. *Cavanaugh*, 306 F.3d at 730. "At step two of the process, when the district court makes its initial determination, it must rely on the presumptive lead plaintiff's *complaint and sworn certification; there is no adversary process to test the substance of those claims.*" *Id.* Rather, it is "[a]t the third stage [that] the process turns adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id.*[4]

Finally, the lead plaintiff determination does not depend on the court's judgment of which party will be the best lead plaintiff for the class, but rather which movant fulfills the statutory requirements. "[T]he statutory scheme…provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case….That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence….[H]e is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Cavanaugh*, 306 F.3d at 732.[5]

---

[4] *Accord Cendant,* 264 F.3d at 263-64 (the "threshold determination" of typicality and adequacy "should be a product of the court's independent judgment, and [] arguments by members of the purported plaintiff class as to why it does not should be considered only in the context of assessing whether the presumption has been rebutted")

[5] *Accord Cendant*, 264 F.3d at 268 ("[T]he question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff….[T]he inquiry is not a relative one."); *SolarCity*, 2017 U.S. Dist. LEXIS 11553 at *17 ("Absent proof that the lead plaintiff

Applying these governing standards, Mr. Grandhi is the presumptive "most adequate plaintiff" – and thus his motion should be granted and all other competing motions denied – because he: (i) filed a timely and procedurally complete motion for appointment as Lead Plaintiff in response to a notice that satisfies the PSLRA's statutory requirements; (ii) has the largest known financial interest in the relief sought; and (iii) "otherwise satisfies" the minimal, *prima facie* requirements of Rule 23.

### A. Movant Filed a Timely and Procedurally Complete Motion for Lead Plaintiff

Under the PSLRA, the first plaintiff to file an action must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service and members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. *See* 15 U.S.C. § 78u- 4(a)(3)(A)-(B). Here, Notice was first published in *BusinessWire*[6] on March 2, 2020, such that the deadline for submission of applications to be appointed Lead Plaintiff is May 1, 2020. *See* Miller Decl. at Ex. C; Fed. R. Civ. P. 6. Mr. Grandhi has therefore timely filed his motion.

Moreover, with that motion, Mr. Grandhi has signed and submitted the required Certification in which he certified his trading history during the Class Period and confirmed his willingness and ability to serve as Lead Plaintiff, thereby satisfying the requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). *See* Miller Decl. at Ex. A. Accordingly, Mr. Grandhi has filed a timely and procedurally

---

candidate with the largest financial interest does not satisfy the requirements of Rule 23, said candidate is 'entitled to lead plaintiff status.'") (citing *Cavanaugh*, 306 F.3d at 732).

[6] Publication by a national press release firm like *BusinessWire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g.*, *SolarCity*, 2017 U.S. Dist. LEXIS 11553 at *11 (publication of Notice in *BusinessWire* "met the statutory procedural requirements."); *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 U.S. Dist. LEXIS 102249, at *3 (N.D. Cal. Sep. 12, 2011)("Multiple courts have recognized *BusinessWire* as a widely circulated national business-oriented wire service."); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *12 (N.D. Cal. July 2, 2013)(finding publication in *BusinessWire* satisfied the requirements of the PSLRA).

complete motion for appointment as Lead Plaintiff in response to a notice that satisfies the statutory requirements.

### B. Movant Possesses the Largest Known Financial Interest in the Relief Sought

During the Class Period, as evidenced by the accompanying signed Certification, Mr. Grandhi purchased Align securities in reliance upon the materially false and misleading statements and omissions issued by Defendants and were injured thereby. *See* Miller Decl. at Ex. A. In addition, Mr. Grandhi incurred a substantial loss on his transactions in Align securities. *See* Miller Decl. at Ex. B. To the best of its knowledge, Mr. Grandhi thus possesses the largest financial interest in the relief sought. Therefore, Mr. Grandhi satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### C. Movant "Otherwise Satisfies" the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As outlined above, to be afforded the presumption in step two, a movant need only make a *prima facie* showing that it is otherwise typical and adequate. That *prima facie* determination should be based on the information the movant has provided in its pleadings and declarations only, and rebuttal evidence introduced by competing movants should specifically not be considered during this second step analysis. *Supra* §II. Here, Mr. Grandhi easily satisfies these minimal, *prima facie* requirements.

#### i. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same course of events that gives rise to claims of other class members, and when the class members make similar legal arguments to prove the defendant's liability. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). The requirement that the

proposed class representatives' claims be typical of the claims of the class is "permissive" and does not require that the claims be "substantially identical." *Id.*; *In re Heritage Bond Litig.*, MDL No. 02-1475, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences."); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013)(finding typicality where members of the purported class "purchased Align common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result").

In this case, the typicality requirement is met because Mr. Grandhi's claims are identical, non-competing, and non-conflicting with the claims of the other Class members. Mr. Grandhi and all the other Class Members: (1) purchased Align securities during the Class Period; (2) purchased Align securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the unit price. Thus, Mr. Grandhi's claims are typical of those of other Class members since their claims and the claims of other Class members resulted from the same illegal practices.

### ii.     Movant Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the movants to the existence of any conflicts between the interests of the movants, on the one hand, and the members of the Class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Grandhi is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Grandhi, who purchased Align securities at prices that were artificially inflated by Defendants' materially false and misleading statements and was harmed when the truth was revealed and the artificial inflation was removed from the price of those securities, his interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Grandhi's interests and those of the other members of the Class. Furthermore, Mr. Grandhi has retained proposed lead counsel that is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Grandhi *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### 2. The Court Should Approve Movant's Choice of Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiffs shall, subject to court approval, select and retain counsel to represent the class. Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (citing Conference Report on Securities Litigation Reform, H.R. Rep. No. 369, 104th Congress, 1st Sess. 31, *reprinted in* 1995 U.S.C.C.A.N. 679, 685); *see also Cavanaugh*, 306 F.3d at 734 ("The choice of counsel has traditionally been left to the parties….Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not.") (internal citations removed).

Here, Mr. Grandhi has selected KSF to be Lead Counsel for the Class. As reflected in its firm resume, KSF is more than qualified to work as Lead Counsel to prosecute the claims of the Class. With lawyers in Louisiana, New York, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *See* Miller Decl. at Exhibit D (KSF Firm Resume).

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12

Notably, KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions. *See Id.* (citing *In Re Health Ins. Innovations*, No. 17-cv-2186 (M.D. Fla.) (denying in part defendants' motion to dismiss securities class action on June 28, 2019); *Shanawaz v. Intellipharmaceutics Int'l Inc., et al.*, No. 17-cv-5761 (S.D.N.Y.) (denying in part defendants' motion to dismiss securities class action on December 17, 2018); *Dougherty v. Esperion Therapeutics, Inc., et al.*, No. 17-cv-1701 (6th Cir.) (reversing and remanding lower court's dismissal of securities class action on September 27, 2018.)).

KSF also served as special counsel and court-appointed Co-Counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 02-cv-1152 (N.D. Tex.), which settled for $100 million. Prior to settlement, the *Halliburton* case itself had twice been to the Unites States Supreme Court. In the first instance, plaintiffs won 9-0. In the second instance, the Halliburton defendants challenged the "fraud on the market theory," the fundamental theory on which all class action securities litigation rests. Despite the Halliburton defendants' protestations, the Supreme Court sided with the plaintiffs and upheld that theory. As the aforementioned cases demonstrate, KSF possesses the requisite experience and knowledge litigating complex securities cases.

Thus, the Court may be assured that, in granting this motion, the Class will continue to receive legal representation of the highest caliber.

**VI.    CONCLUSION**

For all of the foregoing reasons, Raj Grandhi respectfully requests that this Court: (1) appoint Mr. Grandhi to serve as Lead Plaintiff in this consolidated action; (2) approve Mr. Grandhi's selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

CASE NO. 20-CV-02897-MMC
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13

| | | |
|---|---|---|
| 1 | DATED: May 1, 2020 | **KAHN SWICK & FOTI, LLC** |
| 2 | | |
| 3 | | */s/ Kim E. Miller*<br>Kim E. Miller (SBN 178370) |
| 4 | | 250 Park Avenue, Suite 2040<br>New York, NY 10177 |
| 5 | | Telephone: (212) 696-3730<br>Facsimile: (504) 455-1498 |
| 6 | | kim.miller@ksfcounsel.com |
| 7 | | -and- |
| 8 | | Lewis S. Kahn |
| 9 | | 1100 Poydras Street, Suite 3200<br>New Orleans, LA 70163 |
| 10 | | Telephone: (504) 455-1400<br>Facsimile: (504) 455-1498 |
| 11 | | lewis.kahn@ksfcounsel.com |
| 12 | | -and- |
| 13 | | |
| 14 | | KAHN SWICK & FOTI, LLP<br>Ramzi Abadou (SBN 222567) |
| 15 | | 912 Cole Street, Suite 251<br>San Francisco, California 94117 |
| 16 | | Telephone: (504) 455-1400<br>Facsimile: (504) 455-1498 |
| 17 | | ramzi.abadou@ksfcounsel.com |
| 18 | | *Counsel for Lead Plaintiff Movant Raj Grandhi* |
| 19 | | *and Proposed Lead Counsel for the Class* |

CASE NO. 20-CV-02897-MMC

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

14

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 1, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing via U.S. first-class mail to any non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. 20-CV-02897-MMC

1