Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Patricia Colbert*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | No.  3:20-cv-02897-MMC<br><br>**NOTICE OF MOTION AND MOTION OF PATRICIA COLBERT FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HER SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   June 5, 2020<br>Time:   9:00 a.m.<br>Courtroom:   7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Patricia Colbert ("Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Movant as Lead Plaintiff; and (2) appointing Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class.

Movant's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Danielle Smith in support of this motion ("Smith Decl."), the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

This motion is made on the grounds that Movant believes that she is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 because she has the largest known financial interest in the relief sought by the Class and has incurred substantial losses as a result of her purchase and/or acquisition of shares of Align securities. Further, Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

Pursuant to the Northern District of California's General Orders 72 and 73, this matter will be decided on the papers by the Court, located at Courtroom 7 on the 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Maxine M. Chesney presiding, or by telephone or video conference on June 5, 2020, at 9:00 a.m., as ordered by the Court.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether the Court should appoint Movant as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2. Whether the Court should approve Movant's selection of Hagens Berman as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is a federal securities class action brought against Align Technology, Inc. ("Align" or the "Company") and certain of Align's senior executives and Board members (collectively, "Defendants").  The complaint alleges that Defendants violates the Securities Exchange Act of 1934 ("Exchange Act") between April 24, 2019 and July 24, 2019 (the "Class Period").

The PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant should be appointed lead plaintiff because she: (1) timely filed this Motion; (2) has the largest interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also* Smith Decl., Exs. A-B, D; *see also In re Atmel Corp. Sec. Litig.*, No. C-03-0558 MMC, 2003 U.S. Dist. LEXIS 26470, at *8 (N.D. Cal. June 17, 2003) (Chesney, M.) (appointing individual investor as lead plaintiff).

Accordingly, based on Movant's significant financial interest and her commitment to oversee this action, Movant respectfully requests the Court appoint her as Lead Plaintiff.

**II.   STATEMENT OF FACTS**

The above-captioned action[1] assert violations of Sections 10(b) and 20(a) of the Exchange Act against Align, a medical device company that designs, manufactures, and markets devices to

---

[1] *City of Roseville Employees' Retirement System v. Align Technology, Inc., et al.*, No. 3:20-cv-02897 (N.D. Cal. Mar. 2, 2020), ECF No. 1 ("Compl.").

treat misaligned teeth. The Company's principal products are the Invisalign clear dental aligners and the iTero® ("iTero") intraoral scanners, which are used to create digital imagery of patients' teeth for the purposes of diagnosing misalignment and fitting Invisalign aligners. Compl. ¶ 20. Align common stock trades on the NASDAQ exchange in New York City under the ticker symbol "ALGN." Compl. ¶ 10. Defendant John F. Morici ("Morici") was the Company's Chief Financial Officer ("CFO"), during the Class Period.  Compl. ¶¶ 11-12.

This action claims that Defendants violated the Exchange Act for false and misleading statements regarding the Company's business, operations and prospects. Specifically, during the Class Period, Defendants made numerous materially false and misleading statements that highlighted the Company's growth and prospects in China, but failed to disclose that the Company was then experiencing a significant downturn in sales of and demand for Invisalign products in China. Defendants' Class Period statements about the strength of Align's business in China were materially false and misleading because they misrepresented the Company's growth trend in China and created the materially misleading impression that demand for Invisalign products in China remained steady and that the Company was not impacted by any downturn in consumer sentiment. Defendants' statements also allowed the Company's earlier projections for 2019 to remain live and uncorrected in the marketplace despite Defendants' knowledge of material undisclosed information that rendered them untrue and materially misleading as a result of undisclosed adverse market trends. Compl. ¶ 27. These false and misleading statements caused the price of Align securities to be artificially inflated, and thereby resulted in the damages suffered by Movant and the other members of the class. Compl. ¶¶ 19, 52-53, 57, 59, 65.

The truth was revealed on July 24, 2019, after the market closed, when the Company issued a press release announcing its financial results for the second quarter of 2019. In the earnings release and during a related earnings conference call, Defendants acknowledged the previously undisclosed deterioration of Align's business in China, including a lower than expected total Invisalign case shipments, a tougher consumer environment, and slower growth in North America. As a result, the Company also lowered its guidance for the full 2019 fiscal year. Compl. ¶ 48. On this news, Align's

1  stock price plunged, from a market closing price of $275.16 per share on July 24, 2019, to a drop of

2  $74.26 per share and a closing price of $200.90 per share on July 25, 2019. Compl. ¶ 50.

3        On March 2, 2020, the named plaintiff's counsel in this action published a notice of pendency

4  of that action over the national wire service, *BusinessWire*. Smith Decl., Ex. C. That notice advised

5  class members of the existence of the lawsuit and described the claims asserted. *Id.*

6                                             **III.   ARGUMENT**

7  **A.   Movant Is The Most Adequate Plaintiff**

8        Movant should be appointed Lead Plaintiff because she is the movant "most capable of

9  adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA

10 governs the procedure for selecting the Lead Plaintiff in class actions arising under the federal

11 securities laws and provides a presumption in favor of the movant that has the "largest financial

12 interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15

13 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)

14 ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these

15 criteria.").  As set forth below, Movant is the "most adequate plaintiff" and is entitled to be appointed

16 as Lead Plaintiff.

17         **1.   The Motion is Timely.**

18       Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60

19 days of the publication of notice that the first action asserting substantially the same claims has been

20 filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Here, the notice of pendency was published on

21 *BusinessWire* on March 2, 2020, thereby establishing the deadline to move for appointment of lead

22 plaintiff on or before May 1, 2020.  *See* Smith Decl., Ex. C.  Accordingly, Movant has timely moved

23 for appointment as Lead Plaintiff through the filing of this Motion.

24         **2.   Movant Has the Largest Financial Interest in the Relief Sought by the Class.**

25       During the Class Period, Movant purchased 18,000 shares of Align stock and suffered

26 $196,667.62 in total net losses. *See* Smith Decl., Exs. A, B. To the best of her knowledge, there are

27 no other plaintiffs with a larger financial interest during this Class Period. Therefore, Movant

28 satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Movant is Typical and Adequate of the Putative Class.

In addition to possessing the largest financial interest in the outcome of the litigation, Movant satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Movant satisfies the typicality requirement. "'The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Super Micro Computer, Inc.*, 317 F. Supp. 3d at 1061 (quoting *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-cv-04003-LHK, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012)). Here, "[t]he legal and factual bases of [Movant's] claim revolve around whether Defendants publically disseminated false and misleading statements and the effect of those alleged statements. The same is true for the rest of the putative class." *Lopes v. Fitbit, Inc.*, No. 4:18-cv-06665-JST, 2019 WL 1865926, at *2 (N.D. Cal. Apr. 25, 2019) (Tigar, J.).

Movant also satisfies Rule 23's adequacy requirement. "The test for adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Super Micro Computer, Inc.*, 317 F. Supp. 3d at 1061 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Here, "[Movant's] interests are closely aligned with those of the other class members, with no apparent antagonism between them." *Fitbit, Inc.*, 2019 WL 1865926, at *2. Moreover, Movant has the sophistication and incentive to zealously prosecute the Class's claims. Movant founded and served as President of a market research and consulting firm in the technology industry for over thirty years, has over fifty years of experience in managing her own investment portfolio, has suffered substantial losses, and has selected experienced and qualified counsel. Smith Decl., Ex. D at ¶¶ 2-6. As demonstrated below, Movant has also "selected counsel

experienced in securities litigation." *In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856 MMC, 2008 WL 2220601, at *2 (N.D. Cal. May 27, 2008) (Chesney, M.).

### 4. The Court Should Approve Movant's Choice of Lead Counsel.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord. In re Cavanaugh*, 306 F.3d at 734 n.14. "So long as the lead plaintiff has made 'a reasonable choice of counsel, the district court should generally defer to that choice.'" *Super Micro Computer, Inc.*, 317 F. Supp. at 1062.

Here, Movant has selected Hagens Berman to serve as lead counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.*, No. 3:08-cv-1510-WHA), and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. *See* Smith Decl., Ex. E. After Hagens Berman negotiated two settlements resulting in an 82.1% recovery by California class members in the *Schwab* case, the Honorable William Alsup commented, "Class counsel did a good job persistently advocating for the best interests of the class members, and obtained a very good result for the class . . . ." *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-01510-WHA, 2011 WL 1481424, at *8 (N.D. Cal. Apr. 19, 2011).

If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movant's selection of lead counsel.

### IV. CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant to serve as lead plaintiff in this action; (2) approve Movant's selection of Hagens Berman as lead counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: May 1, 2020                         Respectfully submitted,

                                           HAGENS BERMAN SOBOL SHAPIRO LLP

                                           By: */s/ Danielle Smith*

|   |   |
|---|---|
| 1 | Danielle Smith (291237) |
| 2 | Reed R. Kathrein (139304) |
|   | Danielle Smith (291237) |
| 3 | Lucas E. Gilmore (250893) |
|   | 715 Hearst Avenue, Suite 202 |
| 4 | Berkeley, CA  94710 |
|   | Telephone: (510) 725-3000 |
| 5 | Facsimile: (510) 725-3001 |
|   | reed@hbsslaw.com |
| 6 | lucasg@hbsslaw.com |
|   | danielles@hbsslaw.com |
| 7 |   |
|   | Steve W. Berman |
| 8 | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   | 1301 Second Avenue, Suite 2000 |
| 9 | Seattle, WA  98101 |
|   | Telephone: (206) 623-7292 |
| 10 | Facsimile: (206) 623-0594 |
|   | steve@hbsslaw.com |
| 11 |   |
|   | *Counsel for [Proposed] Lead Plaintiff* |
| 12 | *Patricia Colbert* |

MOT. TO APPT. LEAD PL.          - 7 -
Case No.: 3:20-cv-02897-MMC
010905-11/1260652 V1